

# THE ATTORNEY GENERAL
## OF TEXAS

May 29, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Lawrence F. Alwin
State Auditor
P. O. Box 12067
Austin, Texas    78711

Opinion No. JM-713

Re:  Whether prior state service in a nonhazardous duty assignment may be used in calculating hazardous duty pay, and related questions

Dear Mr. Alwin:

You ask for an interpretation of the following provision governing hazardous duty pay for law enforcement personnel of specific state agencies:

> All commissioned law enforcement personnel of the Department of Public Safety, all commissioned law enforcement personnel of the State Purchasing and General Services Commission, all commissioned security officers of the State Treasury, all commissioned law enforcement personnel of the Texas Alcoholic Beverage Commission, all law enforcement officers commissioned by the Texas Parks and Wildlife Commission, all commissioned peace officers of state institutions of higher education, and all law enforcement personnel commissioned by the Texas Department of Corrections, and all employees or officials of the Board of Pardons and Paroles who have routine direct contact with inmates of any penal or correctional institution or with administratively released prisoners subject to the board's jurisdiction are entitled to hazardous duty pay of $6 a month in fiscal year 1982 and $7 a month commencing in fiscal year 1983 and thereafter for each year of service in the respective agency, up to and including 30 years in service. This hazardous duty pay shall be in lieu of existing hazardous duty or longevity pay.  (Emphasis added).

V.T.C.S. art. 6252-20b.

You ask the following question concerning this provision.

> Under the terms of article 6252-20b, can prior state service in a nonhazardous duty assignment be utilized in calculating the amount of hazardous duty pay to which an employee is entitled?

This statute provides that the personnel named in the provision are entitled to hazardous duty pay of $7 a month beginning in fiscal year 1983 "for each year of service in the respective agency, up to and including 30 years in service." This language requires that all of the individual's years of service for his agency, in nonhazardous as well as hazardous duty assignments, be included in determining the amount of hazardous duty pay to which he is entitled. The final sentence of article 6252-20b, V.T.C.S., indicates that "hazardous duty pay," as defined therein, is synonymous with what has been called "longevity pay" or "hazardous duty pay" in other contexts. A review of the legislative treatment of longevity pay prior to the enactment of article 6252-20b, V.T.C.S., supports our conclusion.

Article 6252-20b, V.T.C.S., was enacted in 1979. Acts 1979, 66th Leg., ch. 211, §1, at 456. The bill which enacted article 6252-20b, V.T.C.S., repealed former article 6252-20a, which read as follows:

> All commissioned law-enforcement personnel of the Department of Public Safety, all commissioned law-enforcement personnel of the State Board of Control, all commissioned law-enforcement personnel of the Texas Alcoholic Beverage Commission, all law-enforcement officers commissioned by the Texas Parks and Wildlife Commission, all commissioned peace officers of state institutions of higher education, and all law-enforcement personnel commissioned by the Texas Department of Corrections shall be paid as longevity pay $4 per month for each year of service in the respective agency, up to and including 25 years in service. This longevity pay shall be in lieu of existing longevity pay. (Emphasis added).

Acts 1975, 64th Leg., ch. 477, §1, at 1274. Before 1975, provisions authorizing longevity pay for state law enforcement officers were found in the general appropriations act. See, e.g., Attorney General Opinion Nos. H-256, H-198 (1974); C-140 (1963); WW-1152 (1961). A subcommittee of the House Committee on State Affairs reported that article 6252-20a, V.T.C.S., was new legislation for "prolonged loyal service by officers of state law enforcement agencies." Report of Sub-Committee on H.B. No. 218, before House Committee on State Affairs, Feb. 26, 1975, filed in Bill File to H.B. No. 218, 64th Leg., Legislative Reference Library.

The Bill Analysis of the 1979 enactment which repealed article 6252-20a, V.T.C.S., and replaced it with article 6252-20b, V.T.C.S., stated as follows:

### BACKGROUND INFORMATION

Currently, certain commissioned law enforcement personnel receive as <u>longevity pay four dollars per month for each year of service</u> in their respective agencies, up to and including twenty-five years of service.

### PURPOSE OF THIS BILL

This bill would repeal the existing longevity pay statute and replace it with a hazardous duty pay statute which would provide certain commissioned law enforcement personnel with a <u>monthly hazardous duty pay of $5 for each year of service</u> up to and including thirty years of service. (Emphasis added).

Bill Analysis to S.B. No. 586, prepared for House Committee on State Affairs, filed in Bill File to S.B. No. 586, Legislative Reference Library. Both longevity pay and hazardous duty pay are described in terms of a monthly amount "for each year of service." The Bill Analysis does not distinguish between service in hazardous duty positions and other service for the agency. The legislation increases the monthly supplement, lengthens the maximum period of compensable service, and substitutes "hazardous duty pay" for "longevity pay" without a change in meaning. The Fiscal Note to this legislation states as follows:

The bill, as engrossed, would increase the hazardous duty pay from four dollars to five dollars per month for each year of service, and increases the maximum compensable service period from 25 to 30 years for the law enforcement personnel of the following agencies. . . .

Fiscal Note, of April 4, 1979, Bill File for S.B. No. 586, Legislative Reference Library. Thus, the fiscal note treats the bill as increasing the amount of supplemental pay but not changing the kind of service required.

An Appropriations Act provision considered by a 1974 Attorney General Opinion based longevity pay for game wardens on "length of service in law enforcement":

It is expressly provided that the Parks and Wildlife Department pay longevity to Commissioned

> Game Wardens up to and including the grade of
> Captain. The amounts to be paid to each in-
> dividual position shall be based on the length of
> service in law enforcement of Game Laws within the
> Department. . . .  (Emphasis deleted).

Acts 1973, 63rd Leg., ch. 659, art. III, at 2013. Attorney General
Opinion H-198 (1974) determined that it was "necessary for a
commissioned game warden to be actually engaged in enforcement of the
game laws to qualify for a longevity increase under this appropriation
rider." Article 6252-20b, V.T.C.S., does not place this limitation on
service which qualifies for hazardous duty pay.

You next ask:

> Under the terms of article V, section 2(c), of the
> General Appropriations Act, when an employee
> transfers from one state agency to another, can
> prior state service in a nonhazardous duty
> assignment be considered in calculating the amount
> of hazardous duty pay to which an employee is
> entitled?

Article V, section 2(c), of the current General Appropriations
Act provides as follows:

> c. When a state employee who receives hazardous
> duty pay for law enforcement activities moves to a
> position in another state agency which entitles the
> employee to the same hazardous duty pay he shall be
> granted credit for the total amount of state
> service contributing to eligibility for hazardous
> duty salary payments.

Acts 1985, 69th Leg., ch. 980, art. V, §2(c), at budget 475 (V-30).

Article 6252-20b, V.T.C.S., expressly provides that commissioned
officers of specific agencies are entitled to a certain amount of
hazardous duty pay "for each year of service in the respective
agency. . . ." (Emphasis added). The underlined language means that
the law enforcement officer's hazardous duty pay is based on his years
of service with the specific agency that employs him and pays his
hazardous duty pay. The quoted language of article 6252-20b,
V.T.C.S., may be contrasted with language describing the entitlement
of other state employees to longevity pay. Article 6813d, V.T.C.S.,
provides state employees

> longevity pay of a maximum of $4 per month
> for each year of service as an employee of
> the state up to and including 25 years of
> service. . . .  (Emphasis added).

Under article 6813d, V.T.C.S., the individual's years of service with the state, not merely with a particular agency of the state, are considered in determining the amount of longevity he will receive.

Section 2(c) of article V of the Current General Appropriations Act attempts to allow a state law enforcement officer to transfer his credit for hazardous duty pay from the state agency where he earned it to another agency which employs him in a position entitling him to hazardous duty pay. The purpose and result of this Appropriations Act provision is contrary to that of article 6252-20b, V.T.C.S., which limits hazardous duty pay to the amount earned in serving a particular state agency.

It is well established that an Appropriations Act provision may detail, limit, or restrict the use of funds appropriated in the act, but a rider to the Appropriations Act may not conflict with general law. See Tex. Const. art. III, §35; Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946); Attorney General Opinion Nos. JM-407, JM-343 (1985); V-1254 (1951). The quoted rider found at article V, section 2(c) of the current Appropriations Act is inconsistent with article 6252-20b, V.T.C.S., and is therefore invalid. A version of this rider appeared in the 1973 General Appropriations Act at a time when longevity and hazardous duty pay were controlled by the Appropriations Act. Acts 1973, 63rd Leg., ch. 659, art. V, §2(b), at 2196. This rider predates articles 6252-20a and 6252-20b, V.T.C.S., and was not deleted or rewritten to conform to those general laws.

You finally ask:

> Do the more restrictive Appropriations Act riders of the Parks and Wildlife Department and Alcoholic Beverage Commission conflict with the general law?

The following rider is appended to the appropriation to the Parks and Wildlife Department:

> It is expressly provided that the Parks and Wildlife Department pay hazardous duty pay to all commissioned law enforcement personnel of the department. The amounts to be paid to each individual position shall be based on the length of service in law enforcement within the department at the rate of Seven Dollars ($7) per month for each year of service up to and including thirty years of service.

Acts 1985, 69th Leg., ch. 980, art. I, rider 6, at budget 154 (I-147). This rider attempts to base hazardous duty pay on "the length of service in law enforcement within the department. . . ." It is inconsistent with article 6252-20b, which requires hazardous duty pay

to be based on all service in the agency.  To the extent the rider conflicts with article 6252-20b, V.T.C.S., it is invalid.

The following rider applies to the Alcoholic Beverage Commission:

Funds appropriated above include hazardous duty pay and _may be paid_ to any of the following commissioned law enforcement personnel:

Chief, Enforcement and Marketing Practices
Assistant Chief, Enforcement and Marketing
   Practices
District Supervisor
Assistant District Supervisor
Senior Agent
Agent III
Agent II
Agent I

Hazardous duty pay shall be based on _length of service in the commissioned law enforcement positions listed above_, and shall be paid at a rate of Seven Dollars ($7) per month per year for each year of service through thirty (30) years of service.

It is further provided that individuals in the following classified positions who are receiving hazardous duty pay as of August 31, 1981, shall continue to receive hazardous duty pay for the biennium ending August 31, 1987.  Individuals hired for the following positions after August 31, 1981, are not entitled to receive hazardous duty pay:

Port of Entry Supervisor
Port of Entry Inspector II
Port of Entry Inspector I
Supervising Auditor II
Supervising Auditor I
Auditor III
Auditor II
Auditor I
Assistant Director, Auditing and Tax Reporting
Senior Tax Auditor   (Emphasis added).

Acts 1985, 69th Leg., ch. 980, art. I, rider 7, at budget 29 (I-22). This provision, like the rider to the Parks and Wildlife appropriation, attempts to base hazardous duty pay on length of service in law enforcement positions.  To the extent the rider does so, it is invalid because it is inconsistent with general law.

The above rider is inconsistent with article 6252-20b, V.T.C.S., in another way.  The general law provides that "all commissioned law enforcement personnel of the Texas Alcoholic Beverage Commission . . . are entitled to hazardous duty pay. . . ."  V.T.C.S. art. 6252-20b. Article 6252-20b, V.T.C.S., gives commissioned law enforcement personnel of the Alcoholic Beverage Commission a right to hazardous duty pay while the rider appears to make it discretionary with the agency.  Finally, the Alcoholic Beverage Commission rider lists specific commissioned law enforcement personnel who may receive hazardous duty pay and certain classified employees who receive or do not receive hazardous duty pay depending on their employment.  We do not know if this list includes all the commissioned law enforcement personnel of the Alcoholic Beverage Commission.  See Attorney General Opinion H-198 (1974).  Nor do we know if the classified positions listed are all law enforcement positions or if the responsibilities attached to those positions have changed so that they no longer will be law enforcement positions after the dates stated in the rider. However, we can conclude that the rider is inconsistent with article 6252-20b, V.T.C.S., and therefore invalid, to the extent it denies hazardous duty pay to persons who are commissioned law enforcement officers of the agency or provides it to persons who are not law enforcement officers.

## S U M M A R Y

Article 6252-20b, V.T.C.S., provides hazardous duty pay to law enforcement personnel of specific state agencies, based on all service for that agency.  Article V, section 2(c) of the current General Appropriations Act, which purports to allow transfer of credit for hazardous duty pay from one agency to another, is invalid because it is inconsistent with article 6252-20b.  The riders on hazardous duty pay found in the appropriations to the Parks and Wildlife Department and the Alcoholic Beverage Commission are invalid to the extent they conflict with article 6252-20b, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General